**In the Matter of Mary Finley Davison, Bankrupt.**

**Mary Finley DAVISON, Appellant,**

v.

**VIRGINIA NATIONAL BANK, Appellee.**

**No. 73-2011.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1973.

Decided March 22, 1974.

Osie H. Gay, Jr., Norfolk, Va., for appellant.

Stuart D. Glasser, Norfolk, Va. (Glasser & Glasser, Norfolk, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and RUSSELL and FIELD, Circuit Judges.

BOREMAN, Senior Circuit Judge:

The question presented on this appeal is whether a discharge in bankruptcy should be delayed to enable a general creditor to proceed against the property held by a husband and wife as tenants by the entirety where only one spouse is bankrupt.

FACTS AND PROCEEDINGS

On September 5, 1972, Mary Finley Davison and her husband, David D. Davison, jointly made and executed a homestead waiving promissory note for $4,331.52 payable in monthly installments of $120.32 to Virginia National Bank (hereafter Bank), present holder of said note. The makers of the note having defaulted on their payments, on January 16, 1973, Bank filed in the Circuit Court of the City of Virginia Beach, Virginia, a Motion for Judgment against the Davisons, based on the said promissory note. Said proceeding in the state court is presently pending.

On February 26, 1973, Mary Finley Davison (hereafter Bankrupt) filed her petition in bankruptcy in the United States District Court for the Eastern District of Virginia and on the date of such filing there was a balance due and owing to said Bank on said note in the amount of $4,211.20 plus attorney's fees. Bankrupt's husband, co-maker of the note, did not file a petition in bankruptcy.

At the time of the execution of the note, the filing of Bankrupt's petition in bankruptcy and subsequent proceedings before the United States Bankruptcy Judge and the District Court, Bankrupt and her husband owned certain real estate in Virginia Beach, Virginia, as tenants by the entireties with the right of survivorship. On March 19, 1973, Bank filed its Petition for Stay of Bankrupt's Discharge, seeking an order staying or suspending discharge until Bank had time and opportunity to prosecute to final judgment its suit in the Virginia state court in order to obtain a lien against the said real estate. On April 4, 1973, the Bankruptcy Judge entered an Opinion and Order denying Bank's petition for stay of discharge.

Bank filed its Petition for Review by the United States District Court for the Eastern District of Virginia and said court reversed the Opinion and Order of the Bankruptcy Judge and granted Bank's Petition for Stay of Discharge. Bankrupt has appealed.

## DECISION

In rendering its decision the district court stated:

"The facts are undisputed. Likewise, all parties agree that under the law of Virginia, when an estate by the entirety is once established, neither spouse can sever it by his or her sole act; neither spouse singly can convey or dispose of any part of it so as to effect such a severance. The estate may be terminated by a joint conveyance. The estate is liable for the joint debts of both spouses and is reachable against them by proper process. However, the estate is completely immune from the claims of creditors against either husband or wife alone. Since husband or wife may not sell it, his or her creditors cannot sell it by resort to attachment and levy on an execution in an action at law. Neither tenant can force a partition, and since neither tenant can do so, a creditor has no greater right. A judgment against one spouse is not a lien against the property held jointly as tenants by the entirety. A judgment of the creditors of one spouse might be levied against the respective spouse's interest if and when he or she should survive the other, but it would not prevent a joint conveyance of the property to a third party, or to the spouse who is not a judgment debtor, and each would take it completely free from the claims of the individual creditors of the husband and wife. Vasilion v. Vasilion, 192 Va. 735, 66 S.E.2d 599 (1951); Reid v. Richardson, 304 F.2d 351 (4th Cir. 1962); Phillips v. Krakower, 46 F.2d 764 (4th Cir. 1931).

.    .    .    .    .

"This very issue was before the United States Court of Appeals for the Fourth Circuit in Phillips v. Krakower, 46 F.2d 764 (4th Cir. 1931). There, the creditor sought a stay of the discharge of the bankrupt husband until judgment could be obtained against husband and wife. From the order granting the stay, the appeal was taken. About the only difference between that case and the case at bar is that the *Phillips* case arose under Maryland law and the case at bar arose under Virginia law.
.    .    ."

The district court quoted at length from the decision in *Krakower, supra.*

In writing for the court in Phillips v. Krakower, *supra,* the late Judge Parker stated that there is ample authority for the proposition that where

**1222**

property is not reachable through bankruptcy, but can be reached by a creditor under state laws, the court of bankruptcy should delay granting a discharge to the bankrupt to enable the creditor to proceed thereunder in the state courts. The order of the district court granting a creditor's petition to defer the bankrupt's discharge was affirmed.

In Reid v. Richardson, 304 F.2d 351 (4 Cir. 1962), Reid, husband, was adjudicated a bankrupt. Property owned jointly with his wife as tenants by the entirety was excluded as an asset of his estate. More than six months after his discharge his wife was adjudicated a bankrupt. In her petition the wife asserted that the property owned jointly with her husband as tenants by the entirety was not an asset of her estate. On petition of a creditor the bankrupt estate of the husband was reopened and the bankrupt estates of the husband and wife were consolidated. On appeal this court pointed out that the entireties property was not an asset of the husband's estate and it could not become an asset of his estate unless the wife died within six months of the date his bankruptcy petition was filed; that a refusal to reopen husband's estate and consolidate it with the wife's would result in precisely the same type of "legal fraud" which the court decried in *Krakower*, and that only the bankruptcy court could avoid the plain injustice. The court went on to hold that the effect of a failure to delay the discharge "is to allow the tenants by the entireties to keep the entireties property secure from the claims of their creditors even though that property was never available in bankruptcy for the satisfaction of those claims. This is a result that the Bankruptcy Act certainly did not contemplate." 304 F.2d 354–355.

We adhere to the reasoning and holding in Phillips v. Krakower, *supra*, whch was restated and approved by this court in Reid v. Richardson, *supra*.

Affirmed.