In re George PHILLOS, Debtor.

Louis S. WALDROP and Harriet Waldrop, Partners, d/b/a Spartan Square, a Virginia Partnership, Plaintiffs,

v.

George PHILLOS, Defendant.

Bankruptcy No. 7–81–00042.
Adv. No. 7–81–0091.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

Oct. 23, 1981.

Daniel F. Layman, Jr., Roanoke, Va., for plaintiffs.

John R. Patterson, Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue in this case is whether property held by the debtor and his non-debtor wife as tenants by the entireties is subject to the plaintiffs' claim, which is based on a judgment obtained in state court.

Plaintiffs own and operate a shopping center in Salem, Virginia. In 1973, plaintiffs leased space in that shopping center to the debtor and his wife (lessees) to use as a restaurant. The term of the lease was 15 years, beginning January 1, 1974. After operating the restaurant for several years, the lessees ceased paying rent and sought to cancel the lease. Plaintiffs sought judgment in state court adjudicating the rights of the parties to the lease. By order dated December 10, 1980, the state court determined that the lessors were entitled to judgment in the amount of $12,511.57, for rent due through December 31, 1980, and other costs. The lower state court's decision has been affirmed by the Supreme Court of Virginia, and that Court denied the lessees' petition for rehearing.

On January 15, 1981, the debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978 (Code). The debtor's wife has not filed a petition in this Court and is not before this Court.

The debtor and his wife own residential real property as tenants by the entireties. They have an estimated $42,000.00 equity in the real estate. Plaintiffs filed this complaint to stay discharge of the debtor pending the outcome of the state court proceedings. The state courts have now established plaintiffs' right of recovery under the lease and this Court must determine how to proceed with the case. At the time of plaintiffs' complaint, the debtor had not exempted his entireties interest from the estate in this Court. Plaintiffs sought stay of discharge on the additional ground that the trustee had not yet decided whether to sell the jointly held property under § 363(h) of the Code. Because the debtor subse-

quently exempted his interest in the entireties property from the estate, the trustee is no longer in a position to dispose of the property, and the plaintiffs' second prayer for stay is now moot.

The debtor's filing of a Chapter 7 petition in this Court invoked the automatic stay of § 362 of the Code. Section 362 prohibits the commencement or continuation of any action against the debtor, and prohibits enforcement of a judgment obtained before the filing of the petition either against the debtor or against property of the estate. 11 U.S.C. § 362(a)(1) & (2). The automatic stay of proceedings against property of the estate continues until the property is no longer a part of the estate. 11 U.S.C. § 362(c)(1).

■ It is clear that under the Code, the debtor's estate created by the filing of the petition includes all legal and equitable interests of the debtor in property, wherever located.[1] 11 U.S.C. § 541(a); *Bass v. Thacker*, 5 B.R. 592, 593 (Bkrtcy. W.D. Va. 1980); *In re Ford*, 3 B.R. 559, 568 (Bkrtcy., D. Md. 1980), *aff'd sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981). An interest included in the debtor's estate may, thereafter, be excluded on a claim of exemption under § 522 of the Code. *See* 11 U.S.C. § 522. Section 522(b) gives the debtor exemptions under § 522(d) ("federal exemptions"), unless state law provides otherwise. Virginia is one of the states that has "opted out" of the "federal exemptions." *See* Va.Code § 34–3.1 (Supp.1981). In addition to Virginia's "state exemptions," each debtor is entitled to exempt "any interest in property in which the debtor had . . . an interest as a tenant by the entirety . . . *to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law.*" 11 U.S.C. § 522(b)(2)(B) (emphasis added).

■ The question here is whether the debtor's interest in the entireties property is "exempt from process" under Virginia law. It is well established in Virginia law that entireties property is liable for joint debts of both spouses, but it is immune from the claims of creditors of only one spouse. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599, 602 (1951). The entireties estate of each spouse is made up of a present right to the use and possession of, and income from, the entire property, and an expectancy of survivorship to the interest of the other spouse. *See In re Ford*, 3 B.R. at 566 (interpreting Maryland law identical to Virginia law on this point). The interest of each spouse is an undivided interest and neither may sever the estate by unilateral action during coverture. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d at 602. In this case, the interest of the debtor alone, without joining that of his spouse is exempt from process under Virginia law, and may be exempted from his bankruptcy estate under § 522(b)(2)(B).

■ The debtor's exemption of his interest in the entireties property removes that interest from the bankruptcy estate, but not from the protection of the § 362 automatic stay. The termination of automatic stay provided for in § 362(c)(1) does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor. H.R.Rep.No.595, 95th Cong., 1st Sess. 343 (1977); *see In re Loving*, No. 7–81–00961 (March 3, 1981 Bankr. W.D. Va.); *In re Cruseturner*, 8 B.R. 581, 590 (Bkrtcy., D. Utah, 1981). The exemption section provides further for protection of property which has been exempted from the debtor's estate. 11 U.S.C. § 522(c). Under § 522(c), property exempted from the debtor's estate is not liable during or after the case for a debt of the debtor that arose, or is deemed to have

---

1. Under the former Bankruptcy Act (the Act), certain property, including interests of the debtor in property held as a tenant by the entirety, did not become a part of the bankruptcy estate. The trustee could not reach these automatically exempt property interests. *See Lockwood v. Exchange Bank*, 190 U.S. 294, 299, 23 S.Ct. 751, 753, 47 L.Ed. 1061 (1931). *Lockwood* was overruled on that point by enactment of the Bankruptcy Reform Act of 1978 (the Code). *See* 11 U.S.C. § 541(a); H.R.Rep. No.595, 95th Cong., 1st Sess. 367 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6323.

arisen before commencement of the case.[2] It should be noted that in this case, § 522(c) protects only property that was excepted from the debtor's estate, that is the debtor's undivided interest in his entireties property. The property sought by the plaintiffs is not the debtor's undivided interest, which is unreachable in any even under state law, but the joined, unitary interest of the tenants by the entireties.

If the debtor had not exempted his interest in his entireties property, the trustee would have had the option to join the undivided interest of the debtor's spouse, and to sell the property under § 363(h). Exemption of the debtor's interest from the estate removes the property from the estate administered by the trustee.

If, in this case, the debtor were discharged from his liability to the plaintiffs, the plaintiffs would no longer have a joint claim against both the debtor and his wife. The lack of a joint claim would prohibit the plaintiffs' proceeding against the entireties property. The net effect of allowing the debtor to exempt his interest in the entireties property, and allowing a discharge of the claim against him, would be to deprive creditors of the debtor access to his interest in the entireties property, and to deprive joint creditors of the debtor and his wife an opportunity to proceed against their jointly held entireties property. Such a result was labelled a "legal fraud" and was strictly avoided under the former Act. *See Davison v. Virginia Nat'l Bank*, 493 F.2d 1220, 1223 (4th Cir. 1974); *Reid v. Richardson*, 304 F.2d 351, 354 (4th Cir. 1962); *Phillips v. Krakower*, 46 F.2d 764, 765 (4th Cir. 1931).[3]

The purpose of the Bankruptcy Code, like that of the former Act, is to distribute equitably the assets of distressed debtors among their creditors. *Compare*

*Phillips v. Krakower*, 304 F.2d at 765 (interpreting purpose of Act) *with* Collier on Bankruptcy ¶ 1123.01[4] n.10 (15th ed. 1981) (interpreting purpose of Code). In situations such as this one, the Code does not change the rights of joint creditors as those rights existed under the Act. *In re Ford*, 3 B.R. at 576. As under the Act, therefore, joint creditors may, prior to discharge, proceed against jointly held property of the debtor and his spouse.

The amount of the state court judgment is not disputed by the parties to this proceeding. In addition to the amount awarded by state court, the parties have stipulated that monthly rental continued to become due under the lease up to the time plaintiffs were able to relet the premises. Plaintiffs' reentry and reletting of the premises raises the question of rejection of the lease, and limitation of damages under the Code. Those issues may be decided more properly at a hearing to enforce the state court judgment already obtained.

Under the broad jurisdictional grant of 28 U.S.C. § 1471(b), this court is the proper forum for consideration of issues presented in any proceeding arising under or related to a case under title 11. For the plaintiffs to proceed to satisfaction of their state court judgment, they must file a complaint to proceed against the joint interest of the debtor and his spouse in satisfaction of their judgment and to join such other parties as may be appropriate. The discharge is stayed for a period of sixty (60) days from this date for that purpose. It is so ORDERED.

---

**2.** Section 522(c) does not protect exempted property from action by creditors if the debt is one of those enumerated in § 522(c)(1). Furthermore, if a case is dismissed, the debtor's exempted property is no longer protected under § 522. *See* 11 U.S.C. § 522(c)(2).

**3.** In his brief, counsel for the debtor argued that the decisions of the Fourth Circuit prior to enactment of the Code are no longer valid. In

the questioned cases, the Fourth Circuit relied on the reasoning of *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1931). The overruling of one aspect of *Lockwood* by statute did not disturb the Fourth Circuit's reasoning on the issue of availability of jointly held entireties property to joint creditors of the debtor and a nonbankrupt spouse.