**In re George Richard MARTIN, Sr., Debtor.**

**VIRGINIA NATIONAL BANK, Plaintiff,**

**v.**

**George Richard MARTIN, Sr., Defendant.**

**Bankruptcy No. 80–00020.**
**Adv. No. 80–0019.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

May 12, 1982.

---

Archie C. Berkeley, Jr., Richmond, Va., for plaintiff.

Larry D. Catlett, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Virginia National Bank (VNB), Plaintiff herein, filed a Complaint seeking relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code in order to proceed in a state court to enforce a claim against real estate owned by George Richard Martin, Sr. (Martin), Debtor, and claimed exempt by him under 11 U.S.C. § 522(b)(2)(B). After hearing and upon the submission of briefs, the Court makes the following determination.

### STATEMENT OF FACTS

Martin and his spouse, Rita M. Martin, jointly and severally executed with VNB a homestead waiver promissory note in the face amount of $8,286.00 with interest thereon on July 13, 1979. The Martins defaulted on the note leaving a principal balance due on the note in the amount of $6,009.07. VNB has not yet reduced this claim to judgment. Martin filed his petition in bankruptcy under Chapter 7 on January 11, 1980 and claimed as exempt his interest in real property he and his wife owned as tenants by the entirety. Rita Martin did not join in her husband's bankruptcy petition nor has she filed her own bankruptcy petition.

## CONCLUSIONS OF LAW

This Court must determine whether to lift an automatic stay in order to allow a joint creditor to proceed to reduce its claim against both spouses to judgment and thereafter to enforce that judgment as a lien against the tenants by the entirety property, when only one spouse has filed a petition in bankruptcy and the debtor spouse has claimed his interest in the tenancy by the entirety property exempt.

 Under Virginia law individual creditors never may levy upon or sell one's interest in tenants by the entirety property to satisfy obligations due solely from an individual creditor. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599, 602 (1951). Tenants by the entirety property, however, is not immune from the claims of joint creditors. *Id.* An estate by the entirety is liable for the joint debts of both spouses and it is reachable by proper process. *Id.*

Under the Bankruptcy Act of 1898[1] when only one spouse filed a petition in bankruptcy a joint creditor could, prior to the discharge of the debtor's debt and upon the lifting of the stay, proceed against tenants by the entirety property, obtain a judgment, and enforce its judgment upon that property. *Phillips v. Krakower*, 46 F.2d 764, 766 (4th Cir. 1931). *See also, Davison v. Virginia National Bank*, 493 F.2d 1220 (4th Cir. 1974). Courts concluded that to prohibit joint creditors from proceeding against tenants by the entirety property when only one spouse was in bankruptcy would propagate "legal fraud". *Krakower* at 765. Bankruptcy courts should avoid such a plain injustice. *Davison* at 1222. In a similar factual situation the Fourth Circuit noted in *Reid v. Richardson*, 304 F.2d 351 (4th Cir. 1962) that to refuse to delay the discharge in order for a joint creditor to proceed against tenants by the entirety

property allows "... the tenants by the entireties to keep the entireties property secure from the claims of their creditors even though that property was never available in bankruptcy for the satisfaction of those claims. This is a result that the Bankruptcy Act certainly did not contemplate." *Reid* at 354–355. In Virginia and certain other states under § 70 of the Bankruptcy Act the sole filing spouse has no divisible interest in tenants by the entirety property which would become an asset of his bankruptcy estate, although if the other spouse later filed a bankruptcy petition, courts would consolidate the cases and consider the tenants by the entirety property as an asset of their joint estates and permit liquidation of that property for the benefit of their joint creditors.

 Pursuant to 11 U.S.C. § 541 debtor's entire interest in property whether it is a legal or equitable interest becomes property of the bankruptcy estate. *Greenblatt v. Ford*, 638 F.2d 14, 15 (4th Cir. 1981). In the instant case Martin's interest in tenancy by the entirety real estate which he owns with his non-bankrupt wife is included in the bankruptcy estate. Martin's individual interest, now an asset of the estate, is subject to any right he might have to exempt that property under § 522 of the Bankruptcy Code. The debtor relies upon § 522(b)(2)(B) of the Code to exempt his interest in tenants by the entirety property. This section allows debtors to exempt tenants by the entirety property to the extent that the property is exempt from process under applicable non-bankruptcy law.[2]

 The court in *In re Ford*, 3 B.R. 559 (Bkrtcy.D.Md.1980) *affirmed sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981), noted that the Code's effect on tenants by the entirety property in Maryland is the same as it was under the Act. *Ford* at

---

1. The Bankruptcy Act of 1898 as amended was repealed by Public Law 95–598 and enacted in its place was Title 11, *United States Code* (Bankruptcy Code), effective October 1, 1979.

2. 11 U.S.C. § 522 provides that "... (b) notwithstanding section 541 of this title, an individual debtor may exempt from the property of

the estate ... (2)(B) any interest in property in which the debtor had immediately before the commencement of the case an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law."

576. The court opined that "[a]s in the past, a joint creditor may, prior to the discharge of the bankrupt spouse from the debt of such creditor and upon the lifting of the stay, proceed to obtain judgment, execute or foreclose upon property owned by both the bankrupt and the non-bankrupt spouse as tenants by the entireties." *Id.* Virginia tenants by the entirety property law parallels Maryland law in this regard. *See Davison* at 1221. Tenants by the entirety property and the proceeds from the disposition of tenants by the entirety property have always been exempt from process under applicable Virginia law to the extent that creditors of only one of the spouses seek to levy on the property. In such a situation the tenants by the entirety property could be claimed exempt under § 522(b)(2)(B). In Virginia this exemption does not apply to a joint creditor of the tenants by the entirety owners.

Other courts agree that tenants by the entirety property is liable under the Bankruptcy Code to joint creditors of a debtor and his non-debtor spouse. *See In re Phillos,* 14 B.R. 781 (Bkrtcy.W.D.Va. 1981); *In re Woolard,* 13 B.R. 105 (Bkrtcy. E.D.N.C.1981); *In re Koehler,* 6 B.R. 203 (Bkrtcy.M.D.Fla.1980); *In re Howell,* No. 81–01841–R (Bkrtcy.E.D.Va. Feb. 10, 1982), *aff'd.,* No. 82–0176–R (E.D.Va. Apr. 16, 1982), *appeal docketed,* No. 82–1370 (4th Cir. May 3, 1982); *In re Jenkins,* No. 81–0019 (Bkrtcy.D.Md. Oct. 27, 1981).

The *Ford* court faced a fact situation similar to that which this Court faces today. In *Ford* the debtor filed a voluntary petition under Chapter 7; however, his spouse did not file a bankruptcy petition. The debtor claimed as exempt his interest in a home owned by the debtor and his wife as tenants by the entirety. The Trustee objected to the claimed exemption and the court held that the debtor's interest in tenants by the entirety property was property of the estate under § 541(a)(1) and that under Maryland law his interest could be exempted from the estate under § 522(b)(2)(B). 11 U.S.C. § 522(c) provides that property exempted under this section

is not liable for debts which arose before the commencement of the case. In the instant case, however, the joint creditor seeks to levy upon the combined interests of the Debtor and his wife and not upon the Debtor's individual interest. Section 522(c) protects only the Debtor's undivided interest in this entireties property which is that property which has been exempted from the Debtor's estate. *Phillos* at 784.

The *Ford* court held that a debtor's individual property interest is an asset of the estate and that it is exemptable by the debtor. The court tempered its decision, however, by noting that joint creditors are still privileged to reach tenants by the entirety property under the doctrine enunciated in *Phillips.* In essence, this Court faces a conundrum created by Congress' lack of understanding of the concept of tenants by the entireties property. The *Ford* court in attempting to resolve this problem indicated in dicta that joint creditors may still proceed to reach tenants by the entirety property. This Court also reaches that conclusion.