**In re Stephen M. ZIMPEL, Marilyn M. Zimpel, Debtors.**

**Bankruptcy No. 88–00239–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 6, 1989.

Rust, Rust & Silver, Fairfax. Va., for Crestar Bank.

Richard G. Hall, Brook and Hall, Annandale, Va., trustee.

Brian F. Kenney, Adams, Porter & Radigan, Ltd., Arlington, Va., for First American Bank of Virginia.

C. Thomas Brown, Fairfax, Va.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of the trustee in bankruptcy to compromise a lien claim against the debtors by First American Bank ("First American"). Crestar Bank ("Crestar"), an unsecured creditor of both debtors, objects to the proposed compromise.

The debtors, who are husband and wife, are in separate chapter 7 cases which were substantively consolidated on October 27, 1988. The petition in Mr. Zimpel's case was filed as an involuntary chapter 7 by Crestar on February 10, 1988; the order for relief was entered on June 23, 1988.[1] Mrs. Zimpel's voluntary chapter 7 petition was filed on June 27, 1988.

First American claims to hold a judgment lien against real property located in Fairfax County, Virginia, and owned by the debtors as tenants by the entireties. The judgment arose out of a loan made on February 17, 1987, which was guaranteed by the debtors. On December 8, 1987, after the loan went into default, First American obtained its judgment against the debtors under a confession of judgment provision in the continuing guaranty document executed by them. The judgment was duly docketed against the debtors in the Fairfax County Circuit Court.

On March 27, 1989, the trustee in bankruptcy filed a motion to sell the debtors' real property free of liens pursuant to 11 U.S.C. § 363. From the proceeds the trustee proposed to pay First American the sum of $93,591.00 which represents a 50% compromise payment by the trustee from the excess sale proceeds (over mortgage liens and expenses of sale). The Court by order entered March 30, 1989, approved the trust-

---

1. Originally Mr. Zimpel's case was a chapter 7; it was converted to a chapter 11 case and then converted back to a chapter 7.

ee's sale of the property; however, approval of the distribution of the compromise payment to First American was withheld pending the trustee's compliance with Bankruptcy Rules 9019 and 2002(a) which provide for notice and opportunity for a hearing on a compromise or settlement of a claim.

Crestar's objection to the compromise is contained in its objection to the trustee's proposed distribution of $93,591.00 to First American and is based upon the assertion that First American's judgment lien against Mr. Zimpel was a preference avoidable under 11 U.S.C. § 547(b)(4).

In weighing the merits of a compromise of a claim, the Court must determine whether the proposal gives due consideration to the hazards of litigating legal issues related to the claim. Although First American may be technically correct in its argument that Crestar is not in position to assert a voidable preference, the Court must nevertheless disapprove the proposed compromise if it clearly appears that First American received a preference, the avoidance of which would wipe out its claim of lien against the subject realty.

First American's judgment of December 8, 1987, against both debtors was obtained and docketed within 90 days prior to the involuntary bankruptcy petition filed on February 10, 1988, against Mr. Zimpel. Therefore, as to him a crucial threshold test for preference avoidability is met, and it is more than likely that the other tests are met also. § 547(b)(4)(A). *See* King, *Collier On Bankruptcy*, Par. 547.03[1][A] (15th ed. 1989). The docketing of the judgment in December 1987 was not a preference as to Mrs. Zimpel since she did not file her chapter 7 petition until June 27, 1988.

If the judgment lien were to be avoided as to Mr. Zimpel then First American would have a lien against only one spouse. The Virginia cases make clear that a judgment against one spouse may not be enforced against real property both spouses hold as tenants by the entireties. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951). *See also Reid v. Richardson*, 304 F.2d 351 (4th Cir.1962); *In re Hayden*, 41 B.R. 21 (Bankr.E.D.Ky.1983);

*Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963); 9B *Michie's Jurisprudence, Husband And Wife*, § 29 at 279–80 (Repl. Vol.1984); Annotation, *Husband and Wife*, 75 A.L.R.2d 1172 (1931).

A case close in point is *Ades v. Caplan*, 132 Md. 66, 103 A. 94 (1918), cited by Crestar's counsel. There, the husband had been the subject of an involuntary bankruptcy petition within four months of the entry of a judgment against him and his wife. Under § 67(f) of the Bankruptcy Act of 1898, then in effect, that judgment was deemed null and void as to the bankrupt husband. Subsequent to the bankruptcy the judgment creditor of the bankrupt and his wife attempted to execute against their realty held as tenants by the entireties. The Court ruled against the judgment creditor based upon Maryland law which precludes the subjecting of entireties property to a judgment lien of just one spouse. In *Ades*, the Maryland Court of Appeals held that with the bankruptcy statute voiding the judgment against the husband, the effect was "practically the same as if the judgment had been recovered against the wife alone". 132 Md. at 70, 103 A. at 95.

The Virginia law on this point is essentially the same as that of Maryland. In fact, *Ades v. Caplan* was cited by the Virginia Supreme Court in support of its holding in *Vasilion v. Vasilion*, 192 Va. at 741, 66 S.E.2d at 602.

In its memorandum of law, First American relies primarily upon the line of cases involving one spouse in bankruptcy in which joint creditors have sought relief from the automatic stay to enable them to pursue entireties property of a debtor and nondebtor spouse. *See Davidson v. Virginia Nat'l Bank*, 493 F.2d 1220 (4th Cir. 1974); *Phillips v. Krakower*, 46 F.2d 764 (4th Cir.1931); *Virginia Nat'l Bank v. Martin (In re Martin)*, 20 B.R. 374 (Bankr. E.D.Va.1982). The courts in these cases found it appropriate to grant relief from stay to the joint creditors in order to prevent what has been described as "legal fraud". Otherwise, under the tenancy by entireties law discussed above, one spouse could file bankruptcy and because that spouse in bankruptcy becomes immune from suit defeat the legal rights of a joint

creditor in the entireties property of the debtor and the nondebtor spouse. *See Phillips v. Krakower,* 46 F.2d at 764. However, the rationale for these cases is peculiar to situations of only one spouse in bankruptcy. These holdings therefore have no applicability to the instant case since both Mr. and Mrs. Zimpel are in bankruptcy. The separate filing dates of their petitions have no bearing on the issue before this Court.

Neither does *Reid v. Richardson* support First American. To the contrary, the court there recognized that an "execution can be had against entireties property only under a joint judgment." *Reid v. Richardson,* 304 F.2d at 351 (citing *Vasilion v. Vasilion*).

Since it appears probable to the Court that First American's judgment lien is an avoidable preference as to Mr. Zimpel under § 547(b), and since this avoidance would invalidate First American's judgment against realty held by the debtors as tenants by the entireties, the Court cannot approve the trustee's motion to approve compromise.

An order denying the trustee's motion will be entered.