## CIRCUIT COURT OF CHESTERFIELD COUNTY

Smith

    v.

Smith

March 22, 1990

Case Nos. CH 89-626, 89-1559 (see also 84-1127)

By JUDGE HERBERT C. GILL, JR.

On February 14, 1990, counsel presented argument in regard to defendant's demurrer. Plaintiff seeks an accounting for the rents and profits from the marital property for years 1984 through 1989, proceeds received from sales of jointly owned properties and appointment of a receiver. The alleged separation date is January 26, 1984. Defendant notes that § 8.01-31 of the Code of Virginia does not specifically permit an accounting by a tenant by the entirety and argues that only upon divorce may plaintiff seek an accounting as a tenant in common. Plaintiff seeks an accounting as to (1) property held as tenants by the entirety with right of survivorship, and (2) property titled in defendant's name.

Upon consideration of argument presented and memoranda submitted, defendant's demurrer is sustained. Plaintiff is granted leave to replead the matter in accordance with this opinion. Although an accounting under the circumstances presented is not appropriate for properties titled in defendant's name, this Court is of the opinion that common law recognizes an action for an accounting for rents and profits derived from entireties properties.

Section 8.01-31 provides:

136

An accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, coparcener for receiving more than comes to his trust share or proportion, or against the personal representative of any such party.

Section 20-111 of the Virginia Code provides:

Upon the entry of a decree of divorce from the bond of matrimony, all contingent · rights of either consort in the real and personal property of the other then existing, with after acquired, including the right of survivorship in real or personal property, title to which is vested in the parties as joint tenants or as tenants by the entirety, with survivorship as at common law, should be extinguished, and such estate by the entirety shall thereupon be converted into a tenancy in common.

Also relevant to defendant's motion is § 55-35 of the Virginia Code which provides, in part:

But neither her husband's right to curtesy nor his marital rights shall entitle him to the possession or use, or to the rents, issues, and profits of such real estate during the· coverture; nor shall the property of the wife be subject to the debts or liabilities of the husband. See Title 55, Chapter 3, regarding property rights of married women, § § 35 through 47.1.

Plaintiff fails to cite authority for the proposition that the Court may entertain an accounting of properties titled in defendant's name. Without a sufficient allegation of a fiduciary or like relationship between the parties and factual basis thereof, the bill fails to state a claim for which relief may be sought as to properties titled in defendant's name only.

Common law recognizes an action for accounting for profits: "The trustee or other fiduciary who holds income-producing trust property must be able to produce that

property and must be able also to produce--that is, account for--whatever income has been derived from it." D. Dobbs, Remedies, Section 4.3 (1973). An accounting for profits has also been expanded to include "constructive trustees," those not ordinarily considered fiduciaries, but by the association between the parties and possible wrongdoing by the respondent, equity requires an accounting. *Id.*

Although plaintiff may not fall within a permitted class for an accounting as provided by statute, the action is permitted at common law. An accounting may be had for rents and profits derived from entireties properties. *Colburn v. Colburn*, 290 A.2d 480 (Md. App. Ct. 1972); *Shapiro v. Shapiro*, 224 A.2d 164 (Pa. 1966); *Schultze v. Schultze*, 300 F.2d 917 (D.C. Cir. 1961); see also Anno. Accountability of co-tenants for rents and profits or use and occupation, 51 A.L.R.2d 388 (1957).

The Court in *Shapiro v. Shapiro*, 224 A.2d 164 (Pa. 1966), citing *Stemniski v. Stemniski*, 169 A.2d 50 (Pa. 1961), offered the following rationale:

> [A] violation of the rules by one's spouse appropriating the property to his own use works a revocation of the estate by the fiction of the appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit, the property is then fit for accounting and division.

Section 55-35 regarding property rights of married women discontinues exclusive use and control by the husband over, "any portion of the property held as tenants by the entireties." *Moore v. Glotzbach*, 188 F. Supp. 267 (E.D. Va. 1960). The entireties estate of each spouse, "is made up of a present right to the use and possession of, and income from the entire property, and an expectancy of survivorship to the interest of the other spouse." *In re Phillos*, 14 B.R. 781 (W.D. Va. 1981).

Neither tenant may partition, sever the tenancy by his own conveyance, nor affect the other's survivorship interest by his own act. *Jones v. Conwell*, 227 Va. 176 (1984); *In re Phillos*, 14 B.R. 781 (W.D. Va. 1981); *T. Neil Ingram, Inc. v. Lunsford*, 216 Va. 785 (1976); *In re Bishop*, 482 F.2d 381 (4th Cir. 1973). However, where the spouses

are separated, properties held as tenants by entireties may be treated as properties held by co-tenants upon filing an accounting action should one spouse exclude use by the other and exercise sole control over the profits obtained. *Shapiro v. Shapiro*, 224 A.2d 164 (Pa. 1966). The spouse exercising exclusive use "offers" termination of the tenancy by the entirety and the other spouse's accounting action constitutes acceptance of said offer. *Id.*, 224 A.2d 164 (Pa. 1966). An accounting lies from the initiation of exclusive use and control. *Id.*, 224 A.2d 164 (Pa. 1966).