PER CURIAM:
 

 The trustee in a bankruptcy proceeding brought under Chapter 7 of the Bankruptcy Reform Act of 1978,11 U.S.C. §§ 101-1330, appeals from a decision of the United States Bankruptcy Court for the District of Maryland, sitting in banc. In a thorough and detailed opinion, the Bankruptcy Court held that the filing of a bankruptcy petition solely by the husband does not sever the
 
 *15
 
 estate of tenancy by the entirety in either real or personal property held as such by the debtor and his wife under Maryland law, that the debtor’s interest in entireties property is property of the bankruptcy estate under 11 U.S.C. § 541(a)(1), but that the interest may be exempted by the debtor from property of the estate pursuant to 11 U.S.C. § 522(b)(2)(B).
 

 In this appeal, the trustee challenges the first and third of these holdings. On the severance issue, he argues that the filing of a bankruptcy petition disturbs the unities of time, title, identity of interest, and possession necessary to preserve the entireties estate, thus creating a tenancy in common. He also contends that the debtor may not invoke § 522(b)(2)(B) because the debtor’s interest is not “exempt from process” under Maryland law.
 

 We reject these contentions. Having considered the briefs and arguments of counsel before this court, we affirm on the opinion of the Bankruptcy Court.
 
 In re Levy Ford, Jr.,
 
 3 B.R. 559 (Bkrtcy.D.Md.1980).
 
 *
 

 AFFIRMED.
 

 *
 

 Although he did not take a cross appeal, the debtor urges on us that the Bankruptcy Court was in error in holding that his interest in property held by him and his wife as tenants by the entireties became part of the bankrupt estate. We reject this argument also for the reasons assigned by the Bankruptcy Court.