PER CURIAM:
 

 This is an appeal from the District Court which affirmed the Bankruptcy Court’s denial, 9 B.R. 991, of the claim of Appellants,
 
 *278
 
 Ambler Coleman Ragsdale and Ann Parrish Hancock Ragsdale, to an exemption of the equity in the residence held by them as tenants by the entirety.
 

 On June 20,1980, the Ragsdales, husband and wife, suffered a pre-bankruptcy judgment against both of them in favor of Appellee, Genesco, Inc., in a Virginia state court in the amount of $8,532.26 plus attorney’s fees, costs and interest. This judgment was duly recorded and constituted a valid, judicial lien against the residence owned by the Ragsdales as tenants by the entirety.
 

 On July 16, 1980, approximately one month after this judgment was entered, the Ragsdales filed a joint petition in bankruptcy and claimed as exempt in Schedule B-4 the equity in their residence. During the preliminary proceedings, an amended claim for exemption was filed.
 

 The initial Order for Meeting of Creditors, dated July 31, 1980, set a meeting of creditors for August 18, 1980. This notice provided in part:
 

 Unless the Court extends the time
 
 [emphasis added], any objection to the debtor’s claim of exempt property (Schedule B-4) must be filed within 15 days after the above date set for the meeting of creditors.
 

 Also, Local Rule 23 then required that any objection to exemptions claimed “under 522B of the Bankruptcy Code” must be made “not later than 15 days after the first date set for the meeting of creditors.”
 
 [1]
 

 On November 4,1980, the Ragsdales filed a complaint seeking to have Genesco’s lien declared null and void, in accordance with 11 U.S.C. § 522(f). At the hearing on this complaint, Genesco moved the Bankruptcy Court to be allowed to file an objection as an interested party to the equity exemptions claimed by the Ragsdales in their amended Schedule B-4. After allowing the late filing of an objection by Genesco, the Bankruptcy Court held that the Ragsdales’ residential real estate was not exempt under Section 522 of the Bankruptcy Code and that Genesco’s lien should not be avoided.
 

 The Ragsdales argue that error was committed by the Bankruptcy Judge when he allowed Genesco to file an objection to the exemption schedule beyond the 15 days as required by Local Rule 23 and as set out in the Order for Meeting of Creditors. While it is undisputed that Genesco did not file an objection within the required time frame, the allowance of a late filing is a matter vested in the discretion of the Bankruptcy Judge.
 
 See Matter of Cipa,
 
 11 B.R. 968 (Pa.1981).
 

 Local Rule 23 and the similar 15-day direction in the Order for Meeting of Creditors are not mandatory, inflexible rules which extinguish the sound discretion of the Bankruptcy Court. Section 105(a) of the Bankruptcy Code gives the Bankruptcy Court the authority to issue “any order .. . necessary or appropriate to carry out the provisions of this title.” Further, the direction in the Order for Meeting of Creditors that objections be filed within 15 days was qualified by the phrase “[u]nless the Court extends the time.” The District Court was correct in affirming the finding of the Bankruptcy Court that the extension of time was reasonable and “within the Bankruptcy Judge’s authority.”
 

 The Ragsdales also charge that the Bankruptcy Judge became an advocate for Gen-esco by allowing the late filing of the objection to the exemption schedule. This position is totally without merit and undeserving of further comment.
 

 Finally, the Ragsdales assert that as joint debtors, they were entitled to claim as exempt from creditors, under 11 U.S.C. § 522(b)(2)(B), the equity in the residence held by them as tenants by the entirety.
 

 (b) [A]n individual debtor may exempt from property of the estate .. .
 

 (2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.
 

 
 *279
 
 The phrase “to the extent that such interest .. . is exempt from process under applicable nonbankruptcy law” is of decisive importance. If the Ragsdales’ residential real property could be reached to satisfy a state court judgment in Virginia, it could not be successfully claimed as exempt under Section 522(b)(2)(B).
 

 The residential real property is held by the Ragsdales as tenants by the entirety. The judgment of Genesco was obtained jointly and severally against both. It is fundamental that a creditor holding a judgment against two or more persons jointly and severally may execute against real property owned by those same persons jointly, or held by them as tenants by the entirety.
 
 Vasilion v. Vasilion,
 
 192 Va. 735, 66 S.E.2d 599 (1951);
 
 Martin v. Lewis,
 
 187 N.C. 473, 122 S.E. 180 (1924), 35 A.L.R. 144;
 
 In Re Ford,
 
 3 B.R. 559 (Md.1980).
 

 Accordingly, the order of the District Court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . This rule has now been amended to provide for a period of 20 days for filing objections.