**In re Pisona TEVAGA, Debtor.**

**Bankruptcy No. 81-00134.**

United States Bankruptcy Court, D. Hawaii.

June 22, 1983.

Owen Hellekson, Jr., Honolulu, Hawaii, for creditors.

Enver W. Painter, Jr., Honolulu, Hawaii, for debtor.

Ralph Aoki, Honolulu, Hawaii, trustee.

## ORDER REGARDING OBJECTION OF DEBTOR'S CLAIMED EXEMPTION

JON J. CHINEN, Bankruptcy Judge.

The Objection to Debtor's Claim of Exemption filed on July 2, 1982 by Duke's Lane and Duke's Lane Merchants Committee, hereafter "Creditors," came on for hearing before the undersigned Judge on September 2, 1982. Present were Owen H. Hellekson, Esq., for Creditors and Enver W. Painter, Esq., for Pisona Tevaga aka Peter Tevaga, hereafter "Debtor".

Following the hearing, counsel for Creditors and counsel for Debtor requested the Court to withhold ruling because the Creditors and Debtor were negotiating a compromise.

On April 21, 1983, an Application To Approve Stipulation to Compromise Dispute was filed. A hearing on the Application was held on May 27, 1983, at which were present Mr. Painter representing Debtor, Mr. Hellekson, representing Creditors and Ralph Aoki, Trustee. After arguments by counsel and by Mr. Aoki, the Court rejected the Application To Approve Stipulation To Compromise Dispute and stated that it will rule based upon the hearing held on September 2, 1982. Mr. Aoki was given one week to file a memorandum if he so desired.

Based upon the stipulated facts, memoranda filed and records herein, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The Debtor filed his original Chapter 13 petition on March 17, 1981. A proposed plan, providing for 100% payment, was filed April 13, 1981, along with schedule B–4 wherein Debtor exempted a parcel of land situate at 55–653 Naniloa Loop, Laie, Hawaii, pursuant to HRS § 651–92(a)(1). At the time of filing of the original petition, Debtor was living with his spouse at 54–120 Kawaipuna Street, Hauula, Hawaii.

2. On April 23, 1981 an Order For Meeting of Creditors Combined With Notice Thereof And Of Automatic Stay was mailed to creditors setting May 22, 1981 for the meeting of creditors and instructing creditors that "*unless the court extends the time, any objection to the debtor's claim of exempt property (Schedule B–4) must be filed within 15 days after the above date set for the meeting of creditors.*" (Emphasis added). There was no request for an extension of time to file objections.

3. Creditors filed a secured claim for the amount of $3,834.63 on May 22, 1981.

4. The first meeting of creditors was held on May 22, 1981 as scheduled. However the hearing on confirmation of Debtor's plan was continued until June 15, 1981.

5. On June 1, 1981, Debtor filed an amendment of schedules and modification of plan, also providing for 100% payment to all creditors.

6. At the June 15 confirmation hearing, Debtor's attorney requested and was granted a continuance until June 19, 1981. On June 19, 1981, at the request of Debtor's attorney, the confirmation hearing was continued until moved on because of Debtor's marital problems.

7. Sometime after June 1981, Debtor moved to the residence at Laie from Hauula

following a marital disagreement with his spouse. In approximately February of 1982, debtor vacated the Laie residence, moving to one of the neighbor islands.

8. On October 2, 1981, Debtor's case was involuntarily converted from Chapter 13 to Chapter 7 of Title 11 United States Code, by order dated October 23, 1981.

9. Following conversion, on June 2, 1982, a new Order For Meeting of Creditors and Fixing Times for Filing Objections to Discharge and For Filing of Complaints to Dischargeability of Certain Debts combined with Notice of Automatic Stay was filed. Said Order set June 23, 1982 at 9:00 a.m. for the meeting of creditors and provided that "unless the court extends the time, any objection to the debtor's claim of exempt property (Schedule B-4) must be filed within 15 days after the above date set for the meeting of creditors."

10. Pursuant to said Order, Creditors filed their objection to exemption on July 2, 1982, contending that Debtor cannot claim an exemption in the Laie property because it was not used as his residence at the time of filing. No other creditor has filed an objection to Debtor's claimed exemptions.

11. The Chapter 7 Trustee was ordered to sell the Laie property by order of this court dated May 3, 1982. Said property was sold, and the sale was confirmed on June 28, 1982 for the sum of $46,000.00. Certain funds from the sale of the property remain in the hand of the Trustee pending resolution of this issue.

## CONCLUSIONS OF LAW

1. The first question raised by Debtor in defending the exemption was whether the objection was filed within the time set by the Court.

■ The Court finds that the objection was timely filed. The above facts clearly show that no objections were filed when Debtor was in Chapter 13 and had proposed to repay creditors 100%. After Debtor was converted to a Chapter 7 proceeding, the Court extended the time for filing objections to Debtor's claimed exemption until 15 days after a new meeting of creditors on June 23, 1982. Since the Objection was filed by Creditors on July 2, 1982, it was timely filed within the time set by the Court. *Ragsdale v. Genesco, Inc.*, 674 F.2d 277 (4th Cir.1982).

2. Debtor's second defense to the objection raises the question whether Debtor must reside on the specific property at the time of claiming the exemption in order to qualify under 11 U.S.C. § 522(d)(1).

Debtor's estate in bankruptcy is created at the time of the filing of the petition. From such estate, Debtor may carve out his personal assets by claiming the exemptions which are allowed by the Code, and through the Code, by state statute.

In the instant case, Debtor claimed as exempt pursuant to HRS § 651–92(a)(1) a parcel of land situate at Laie. However, at the time of filing his original Chapter 13 petition, Debtor was residing with his wife at Hauula. The Bankruptcy Code provides that a Debtor may claim as exempt only a residence wherein he resides. 11 U.S.C. § 522(d)(1). The Hawaii statute, under which Debtor claims his exemption, likewise provides that Debtor must reside upon the real estate which he desires to exempt. The real property exemption statute in Hawaii provides as follows:

§ 651–92 Real property exempt. (a) Real property shall be exempt from attachment or execution as follows:

(1) An interest in one parcel of real property in the State of Hawaii of a fair market value not exceeding $30,000 owned by the defendant who is either the head of a family or an individual sixty-five years of age or older.

(2) An interest in one parcel of real property in the State of Hawaii of a fair market value not exceeding $20,000 owned by the defendant who is a person.

The fair market value of the interest exempted in paragraphs (1) or (2) shall be determined by appraisal and shall be an interest which is over and above all liens and encumbrances on the real property recorded prior to the lien under which

attachment or execution is to be made. *Not more than one exemption shall be claimed on any one parcel of real property even though more than one person residing on such real property may otherwise be entitled to an exemption.* (Emphasis added).

The last sentence of the statute clearly shows that the exemption relates to actual residency by the individual claiming the relief. This qualification is confirmed by the definitions provisions of the statute. 651–91 Definitions. As used in this subpart: (5) *"Real property" consists of the dwelling house in which the owner resides and one parcel of land not to exceed one acre, upon which it is situated together with other buildings thereon.* This parcel may be in fee simple or any other interest in real property which vests the immediate right of possession, even though such right of possession is not exclusive, and includes land held under long-term lease, ownership rights in a condominium or stock cooperative unit. [§ 651–91 HRS, Emphasis supplied].

The definitions therefore make it absolutely mandatory that the claimant of the exemption must reside in the dwelling on the real property claimed to be exempt.

The fact that Debtor moved to the Laie property several months subsequent to the original filing of the petition makes no difference. Since Debtor was not residing at the Laie property at the time of filing his petition, he cannot claim said property as exempt.

The objection of the Creditors to Debtor's claimed exemption is hereby sustained and the Trustee is Ordered to distribute to Creditors the principal and interest on their secured claim, retaining the remainder of the proceeds of the sale for final distribution to other creditors.