K.K. HALL, Circuit Judge:
 

 Robert E. Bondurant appeals from an order of the district court, affirming a decision of the bankruptcy court and granting Chippenham Hospital (Hospital) relief from an automatic stay imposed pursuant to 11 U.S.C. § 362(a). The order permitted the Hospital to reduce its claim against Bondu-rant and his wife to judgment and to enforce the judgment from property owned by the couple as tenants by the entireties. We affirm.
 

 I.
 

 During 1981, Bondurant’s wife, Doris, was a patient at the Hospital on three separate occasions. Following her discharge, the Hospital claimed it was owed an outstanding balance of $14,346.60.
 

 In September, 1981, Bondurant filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101
 
 et seq.,
 
 and listed the Hospital as an unsecured creditor. Bondurant claimed an exemption for his undivided interest in residential real property, which he and his wife owned as tenants by the entir-eties. Doris Bondurant neither joined in her husband’s bankruptcy petition nor filed one of her own.
 

 The Hospital maintained that Bondurant and his wife were jointly and severally liable for payment of the charges incurred by Doris Bondurant during her hospitalization. In December, 1981, the Hospital filed a complaint in bankruptcy court, requesting relief from the automatic stay and a stay of the debtor’s discharge. Pursuant to this request, the bankruptcy court lifted the automatic stay in order to permit the Hospital to seek a state court judgment against the Bondurants and to enforce that judgment against the entireties property. The bankruptcy court’s order was subsequently af
 
 *1058
 
 firmed by the district court. From this judgment, Bondurant appeals.
 

 II.
 

 On appeal, Bondurant contends that the property, which he and his wife own as tenants by the entireties, is exempt under the provisions of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 522, and is, therefore, not reachable by joint creditors. We disagree and conclude that this matter was properly resolved by the district court in favor of the Hospital.
 

 In the past, this court has addressed the very issue presented in this case under the provisions of the previous Bankruptcy Act of 1898. In
 
 Phillips v. Krakower,
 
 46 F.2d 764, 765-66 (4th Cir.1931), we concluded that when one spouse filed for bankruptcy, a joint creditor could, before discharge and on lifting of the stay, seek a judgment against the debtor and his spouse. Once a judgment was obtained, the creditor could then enforce it against property held by the couple as tenants by the entireties. To hold otherwise, we reasoned, would result in a legal fraud:
 

 The purpose of the bankruptcy act was to equitably distribute the assets of distressed debtors among their creditors and to discharge them from further liability after this had been done. It was never contemplated that it should be used to perpetrate fraud or to shield assets from creditors. It is elementary that a bankrupt is not entitled to a discharge unless and until he has honestly surrendered his assets for the benefit of creditors; and he certainly is not in position to ask a court of bankruptcy, which is a court of equity, to grant him a discharge under the statute, when the effect of the discharge will be to withdraw from the reach of creditors property properly applicable to the satisfaction of their claims...
 

 There is ample authority for the proposition that where the property is not reachable through bankruptcy, but can be reached by a creditor under state laws, the court of bankruptcy should delay granting a discharge to the bankrupt to enable the creditor to proceed thereunder in the state courts. (Citations omitted).
 

 The reasoning in
 
 Krakower
 
 has been consistently restated and approved by this Court in more recent cases, which have involved, as here, entireties property in Virginia. See
 
 In the Matter of Seats,
 
 537 F.2d 1176 (4th Cir.1976);
 
 Davison v. Virginia National Bank,
 
 493 F.2d 1220 (4th Cir.1974);
 
 Reid v. Richardson,
 
 304 F.2d 351 (4th Cir.1962). Bondurant’s contention is that the exemption provisions of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 522, have in effect overruled
 
 Krakower
 
 and its progeny. However, we see nothing on the face of the statute, nor have we been directed to anything in the legislative history of the Act, which persuades us that the rule in
 
 Kra-kower
 
 is no longer viable.
 

 Under the 1898 Bankruptcy Act property owned by the bankrupt and his nonbank-rupt spouse as tenants by the entireties was not included in the bankruptcy estate.
 
 Lockwood v. Exchange Bank,
 
 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). Under the 1978 Act, however, this is no longer the case. 11 U.S.C. § 541(a)(1) provides that the debtor’s estate includes, with exceptions not relevant here, “all legal or equitable interests of the debtor in property as of the commencement of the case.” Section 541 has been construed logically to include the debtor’s interest in entireties property.
 
 Napotnik v. Equibank and Parkvale Savings Association,
 
 679 F.2d 316, 318 (3d Cir.1982). That interest may be exempted by the debt- or pursuant to 11 U.S.C. § 522(b)(2)(B),
 
 [1]
 
 which states, in pertinent part, as follows:
 

 Notwithstanding section 541 of this title, an individual debtor may exempt from this property of the estate ... any interest in property in which the debtor
 
 *1059
 
 had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonban-kruptcy law. (Emphases added).
 

 Section 522(c) further states in pertinent part:
 

 Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case....
 

 Under Virginia law, as in many other jurisdictions, entireties property is liable for the joint debts of both spouses and is reachable against them by proper process.
 
 Davison, supra; Reid, supra; Vasilion v. Vasilion,
 
 192 Va. 735, 66 S.E.2d 599 (1951): Accordingly, a logical reading of the new exemption provisions, including the phrase “to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law,” leads us inevitably to the same conclusion reached in
 
 Krakower.
 

 [2]
 

 The equities on which the cases under the previous Bankruptcy Act were decided remain unchanged and the reasoning of
 
 Kra-kower
 
 is just as persuasive today as it was before the 1978 Act. Other courts that have considered this question in light of the 1978 Act have reached the same conclusion.
 
 In re Martin,
 
 20 B.R. 374 (Bkrtcy.E.D.Va.1982);
 
 In re Ford,
 
 3 B.R. 559 (Bkrtcy.D.Md.1982),
 
 affirmed sub nom. Greenblatt v. Ford,
 
 638 F.2d 14 (4th Cir.1981). Absent a clear showing that Congress intended otherwise, we are convinced that the reasoning of
 
 Krakower
 
 and its progeny is still applicable.
 

 III.
 

 For the foregoing reasons, the judgment of the district court in favor of the Hospital is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The Bankruptcy Reform Act provides for an election between designated federal exemptions and exemptions permitted by state law. However, Section 522(b)(1) gives each state the option to restrict its residents to the exemptions permitted by the laws of that particular state. Virginia has exercised that option by enacting Virginia Code § 34-3.1. Therefore, Section 522(b)(2) is the source of Bondurant’s exemptions.
 

 [2]
 

 .
 
 Cf. Ragsdale v. Genesco,
 
 674 F.2d 277 (4th Cir.1982). In
 
 Ragsdale,
 
 a husband and wife suffered a judgment against both of them in Virginia state court. Subsequently, they filed a joint petition in bankruptcy, in which they claimed an exemption under Section 522(b)(2)(B) for the equity in their residence held by them as tenants by the entireties. We concluded as follows: “The phrase ‘to the extent that such interest ... is exempt from process under applicable nonbankruptcy law’ is of decisive importance. If the Ragsdales’ residential real property could be reached to satisfy a state court judgment in Virginia, it could not be successfully claimed as exempt under Section 522(b)(2)(B).”
 
 Id.
 
 at 279.
 
 See also Napotnik v. Equibank and Parkvale Savings Association,
 
 679 F.2d 316 (3d Cir.1982) (holding that Section 522(b)(2)(B) did not exempt entireties property in Pennsylvania held by the debtor and his wife, who did not join in her husband’s bankruptcy petition, where joint creditor held a judgment against both of them).