**In re Anthony JUDD, Debtor.**

**NATIONAL PERMANENT BANK, Movant,**

v.

**Anthony JUDD, Thomas Lackey, Trustee, Respondents.**

**Bankruptcy No. 83–A–1541.
Motion No. 83–M–0264A.**

United States Bankruptcy Court,
D. Maryland.

Nov. 15, 1983.

Alan Drew, Upper Marlboro, Md., for debtor/respondent.

Worthington Talcott, Bethesda, Md., for movant.

Thomas Lackey, Upper Marlboro, Md., trustee of the estate.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This case is before the court upon the motion of National Permanent Bank for relief from the stay of 11 U.S.C. § 362. This matter has been under consideration two times within the space of six weeks. On September 20, 1983, at the request of this movant and following a hearing at which debtor did not appear, the court entered an order terminating the stay effective in Case No. 83–A–0704, the previous Chapter 13 case filed by debtor. A chronology of these proceedings is helpful.

*May 6, 1983*—Debtor files Case No. 83–A–0704, a Chapter 13 proceeding.

*August 11, 1983*—Bank files a motion to obtain relief from the § 362 stay.

*September 7, 1983*—Confirmation hearing on debtor's Chapter 13 Plan. Debtor does not appear.

*September 19, 1983*—Confirmation of Chapter 13 Plan denied without leave to amend.

*September 20, 1983*—Hearing upon Bank's motion for § 362 relief. Debtor does not appear.

*September 28, 1983*—Order lifting stay. Debtor files motion to dismiss case.

*October 18, 1983*—Debtor's motion to dismiss Case No. 83–A–0704 granted.

*October 18, 1983*—Debtor files Case No. 83–A–1541, another Chapter 13 proceeding.

*October 19, 1983*—Foreclosure sale set for 11:30 a.m. Creditor files motion for *ex parte* relief from stay.

*October 24, 1983*—Order denying *ex parte* relief from stay on the condition that the debtor post $1,750.00 to cover foreclosure expenses.

Debtor and his spouse have equity in the subject property. At the previous hearing, the plaintiff established that the fair market value of the subject property was $70,000.00 and that the amount due to plaintiff was $56,000.00 including taxes advanced and attorneys' fees and costs. Debtor, standing alone, has no equity, only his right of survivorship. The court found that cause existed for the termination of the stay. Debtor's original plan proposed payment of $7,200.00 over 36 months to cover the payments of the arrearages due his only creditor, his first mortgage lender. Debtor was eight months in arrears at the time of filing on May 6, 1983, and twelve months behind on the date of the first § 362 hearing, September 20, 1983.

Debtor had been before the court for a confirmation hearing on September 7, 1983. National Permanent Bank appeared and established that no payments had been made on account of its mortgage since May, 1982. Debtor did not appear. He had not lodged plan payments with his counsel since the date of filing. These payments would have demonstrated both the good faith of debtor and the feasibility of his plan. By virtue of the filing, debtor was permitted to fall further behind, to the prejudice of the creditor.

Therefore, the court denied confirmation without leave to amend.[1]

On September 28, 1983, debtor filed a motion to dismiss his first Chapter 13 proceeding in which he stated:

"1. That since the filing of the Petition in the instant case, the debtor has encountered additional financial problems and he cannot proceed with his Chapter 13.

2. That in view of the foregoing, the Debtor has instructed counsel to file the instant Motion to Dismiss."

The Chapter 13 proceeding was dismissed by order of this court of October 18, 1983.

The creditor duly advertised a second foreclosure sale for October 19, 1983, at 11:30 a.m. Debtor filed his second Chapter 13 proceeding on October 18, 1983, the day that the previous proceeding was dismissed. The following morning, the Bank filed a motion to obtain *ex parte* relief from the stay. The court declined to grant *ex parte* relief under Rule 4001(c) but conditioned denial upon the debtor posting $1,750.00 with his counsel to secure the bank against loss resulting from the cancellation of the sale. The matter then came before the court for hearing on November 2, 1983. By way of adequate protection, debtor seeks leave to tender $9,100.00 against the $14,900.00 in arrearages.

Were this the first time around, the court might deny the creditor relief and allow the matter to be decided at the time of the confirmation hearing. Debtor had one opportunity at the first confirmation hearing that he ignored. He did not seek leave to file an amended plan and explain the deficiencies apparent at the first hearing. He did not appear at the § 362 hearing on September 20, 1983, to urge that cause was not sufficient to permit the termination of the stay. He did nothing until the eve of the second sale when he dismissed the first proceeding and filed the second.

Debtor's actions do not comply with the underlying good faith requirement of the Code. Debtors may not pick and choose among the court hearings they wish to attend. The bankruptcy court is open to provide relief for debtors such as Mr. Judd—if they only follow the rules. The debtor here made up his rules as he went along. Cause exists for the termination of the stay as to Mr. Judd.

While the matter was not raised by counsel, the court notes that debtor and his wife, Anita Judd, appear to be the owners of the subject property as tenants by the entireties. The peril that creditors of couples holding property as tenants by the entireties face has long concerned the Fourth Circuit in an unbroken string of cases from *Phillips v. Krakower,* 46 F.2d 764 (4th Cir. 1931), through *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (4th Cir.1983). Serious consequences result from the confirmation of a Chapter 13 plan of one tenant and the subsequent discharge of that debtor under § 1328.

Debtor's counsel holds $1,750.00 posted by debtor at the time the court denied the application for *ex parte* relief. Counsel shall turn these funds over to plaintiff to be applied on account of the subject loan.

An order will be entered in accordance with this opinion.

---

1. Debtor's counsel had suggested at the confirmation hearing that the case might well be determined at the September 20, 1983, hearing because the Bank was the sole creditor. If the stay were lifted as to the Bank, there would be nothing left to accomplish by the bankruptcy filing.