**In re Michael Howard SEIDEL, Individually and t/a Northeastern Construction, Inc. a/t/a M.H.S. Productions, Inc. a/t/a Seidel Enterprises, Inc., t/a The Looking Glass a/t/a Seidel's Cue Club, t/a The Player's Club, Debtor.**

Bankruptcy No. 81–2–2663.

United States Bankruptcy Court,
D. Maryland.

March 27, 1984.

Howard M. Heneson, Stephen J. Kleeman, Baltimore, Md., for debtor.

Nelson I. Fishman, Baltimore, Md., for trustee.

## MEMORANDUM AND ORDER SUSTAINING OBJECTION TO CLAIM OF EXEMPTIONS

JAMES F. SCHNEIDER, Bankruptcy Judge.

Finding that the debtor has joint creditors and that the debtor's property held as a tenant by the entireties may be reached by those creditors under Maryland Law, the Trustee's objection to the debtor's claim of exemptions will be sustained.

### Findings Of Fact

1. The debtor has claimed as exempt his interests in a house, household goods and an automobile pursuant to 11 U.S.C. § 522(b)(2)(B) (1982) and the Maryland common law doctrine of tenancy by the entireties.

2. The debtor has scheduled the value of his equity in his interests in the property claimed as exempt for $4,940.00.

3. The debtor has scheduled approximately $51,700.00 in joint claims against him and his wife, who has not filed a Petition For Relief.

4. The scheduled joint debts include income tax liabilities, a deed of trust on the debtor's home, a security interest in a car, and a judgment debt to a department store. The debtor subsequently contended that the department store judgment was only against him individually.

5. Disregarding the department store judgment, the debtor has scheduled approximately $11,100.00 in apparently unsecured joint income tax obligations and $36,900.00 in joint debts secured by liens against the house or car.

6. The Trustee has objected to the debtor's claim of exemptions, contending that the scheduled joint creditors could seek judgments and execute on the tenancy by the entireties property.

7. The debtor contends that property held as a tenant by the entireties may be exempted as long as no joint, judgment creditor exists and is in a position to oust the debtor from his property. The debtor also argues that his interest in the entireties property may be exempted because that individual interest is exempt from process and only the interest comes into the bankruptcy estate.

*Conclusions Of Law*

1. This matter is governed by the provisions of section 522(b)(2)(B) and the Maryland common law doctrine of tenancy by the entireties.

2. Section 522(b)(2)(B) provides that an individual debtor may exempt

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B).

3. This Court held in the case of *In re Ford,* 3 B.R. 559 (Bkrtcy.D.Md.1980), *aff'd. sub. nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981), that property held by the entireties is not subject to the claims of individual creditors of either spouse under Maryland law and that, in order to execute upon entireties property to satisfy joint obligations, a creditor must join the husband's interest with the wife's interest in the entireties property. *Ford,* 3 B.R. at 575.

4. The United States Court of Appeals for the Fourth Circuit recently held that joint property which can be reached to satisfy a judgment cannot be claimed as exempt pursuant to section 522(b)(2)(B) when a joint judgment creditor is present. *Ragsdale v. Genesco,* 674 F.2d 277, 279 (4th Cir.1982). The holding was based on the "fundamental (principle) that a creditor holding a judgment against two or more persons jointly and severally may execute against real property owned by those same persons jointly, or held by them as tenants by the entirety." *Ragsdale,* 674 F.2d at 279.

5. The absence of a joint, judgment creditor in a position to oust the debtor from his property is not controlling in evaluating the debtor's claim of exemptions. *See Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (5th Cir.1983). The entireties property is simply not exempt or immune from process by a joint creditor under Maryland law. *Phillips v. Krakower,* 46 F.2d 764 (4th Cir.1931) (applying Maryland Law), *Frey v. McGaw,* 127 Md. 23, 95 A. 960 (1915).

6. Although the debtor's individual *interest* in the entireties property is technically exempt or immune from process by both individual and joint creditors under Maryland law, *Ford,* 3 B.R. at 575, the property itself, including the debtor's individual interest, may be reached by joint creditors who levy on the interests of both spouses. *Phillips,* 46 F.2d at 766, *Ford,* 3 B.R. at 575. Furthermore, accepting the debtor's argument would shield joint property from both joint creditors and from the estate, the same unjust result which *Phillips* sought to avoid.

7. Wherefore, because the debtor's interest in his entireties property is not exempt from process by his joint creditors under Maryland law, the Trustee's objection to the debtor's claim of exemptions will be sustained.

SO ORDERED.