**In re John H. SEFREN, Debtor.**

**Bankruptcy No. 83–B–1920.**

United States Bankruptcy Court,
D. Maryland.

Aug. 13, 1984.

J. Marcus Slowiak, Annapolis, Md., for debtor.

Howard M. Heneson, Baltimore, Md., for trustee.

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO CLAIM OF EXEMPTIONS

JAMES F. SCHNEIDER, Bankruptcy Judge.

This case squarely presents several novel issues in the Court's continuing exploration of the interplay of Maryland's common law tenancy by the entireties doctrine and 11 U.S.C. § 522(b)(2)(B) (1982). The trustee's objection will be sustained for the reasons stated below.

### FINDINGS OF FACT

1. This case was filed on December 5, 1983.

2. At the time this case was filed, the debtor and his non-filing wife jointly owed $2,095 in 1982 federal income taxes. The debtor and his wife also owed two joint, secured debts at the time of filing, one secured by a mortgage on their home and one secured by a security interest in their sailboat.

3. The debtor claimed entireties assets he valued at $23,531 as exempt pursuant to 11 U.S.C. § 522(b)(2)(B) (1982).

4. The trustee objected to the debtor's claim of exemptions, contending that the entireties property was not exempt from process because there are joint debts.

5. The debtor responded to the objection by arguing that entireties assets may be exempted as long as there are no joint judgment creditors in a position to oust the debtor from his property. The debtor argued that his interest in the assets is exempt from process under Maryland law by reason of the inability of his only two remaining joint creditors to institute process because their contractual obligations are not in default.

6. For purposes of this decision only, the Court accepts the debtor's undisputed contention that his joint 1982 tax debt has been paid.

7. For purposes of this decision only, the Court accepts the debtor's undisputed contention that neither of his joint, secured debts was in default at the commencement of this case or the time of the trustee's objection. The contention is supported by the debtor's schedules, certified by him under the penalty of perjury.

## CONCLUSIONS OF LAW

1. The trustee's objections will be sustained because entireties assets are not exempt from process under Maryland law to the extent of the existence of joint, unsecured debts. The debtor's claim of entireties exemption will be reduced by the amount of the joint, unsecured tax claim existing at the time this case was filed.

2. This matter is governed by the provisions of section 522(b)(2)(B), which provides for the exemption of

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

3. Although a debtor's individual interest in entireties property is technically exempt from process under Maryland law, the property itself, including the debtor's individual interest, may be reached by joint creditors who levy on the interests of both spouses. *In re Seidel*, 38 B.R. 264 (Bankr. D.Md.1984). Thus, the debtor's entireties property is not exempt from process by his joint creditors under Maryland law. *Id.*

4. The debtor need not have joint, judgment creditors for the trustee to defeat his claim of entireties exemptions. As this Court observed in *Seidel:*

> The absence of a joint, judgment creditor in a position to oust the debtor from his property is not controlling in evaluating the debtor's claim of exemptions. *See Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (5th Cir.1983). The entireties property is simply not exempt or immune from process by a joint creditor under Maryland law. *Phillips v. Krakower,* 46 F.2d 764 (4th Cir.1931) (applying Maryland law), *Frey v. McGaw,* 127 Md. 23, 95 A. 960 (1915).

*Seidel, supra,* at 265. Requiring that the debtor have joint, judgment creditors would defeat the long recognized right of joint, unsecured creditors to obtain judgments against entireties property. *See Chippenham Hospital, Inc. v. Bondurant, supra,* at 1058; *Phillips, supra,* at 766.

5. Nor, does it matter for purposes of evaluating the entireties exemptions that the joint, unsecured debt was satisfied after this case was filed. Satisfying the joint tax debt did not retroactively make the entireties property exempt from

process immediately before this case was filed. Because the entireties property was not exempt from process under Maryland law, then, it cannot be subsequently exempted in this case after the joint debt has been satisfied. Section 522(b)(2)(B). The decisive moment is "immediately before the commencement of the case ..." *Id.*

6. The trustee cannot defeat the debtor's claim of entireties exemptions *in toto* merely because there was one joint, unsecured claim at the time of filing. To do so would be unfair, would violate the doctrine of interpreting exemptions broadly, *In re Smith*, 23 B.R. 708 (Bankr.D.Md. 1982); and would frustrate the Congressional purpose of providing a fresh start for honest debtors, *In re Locarno*, 23 B.R. 622 (Bankr.D.Md.1982). The balance of the debtor's entireties property is effectively exempt from process under Maryland law because it exceeds joint claims which can be reduced to judgment and levied upon.

7. Nor will the debtor's entireties exemptions be reduced by the value of his joint, secured claims which are not in default. Because their contractual obligations were not and are not in default, his consensual secured creditors could not and cannot obtain judgments against the debtor and his non-filing wife. Because the claims cannot be reduced to judgment, the entireties property is exempt from process on those claims.

8. Wherefore, the trustee's objection will be sustained and the debtor's claim of entireties exemptions will be reduced by $2,005, because only the balance of the value of his entireties property above the joint tax debt was exempt from process under Maryland law at the instance before the commencement of this case.

SO ORDERED.