Michael Eugene SUMY, Appellant,

v.

Roger SCHLOSSBERG,
Trustee, Appellee.

Civ. A. No. R–84–3707.

United States District Court,
D. Maryland.

Jan. 24, 1985.

Paul F. Wattay, Hyattsville, Md., for appellant.

## OPINION

RAMSEY, District Judge.

This is an appeal from an Order entered by the United States Bankruptcy Court for the District of Maryland in *In re Sumy*, Bankruptcy Case No. 84–A–0355A (Order of August 20, 1984; Mannes, J.). The debtor, Michael Sumy, filed his notice of appeal

on August 29, 1984, and the appeal was docketed in this Court on October 15, 1984. The appellant filed a request for oral argument on October 26, 1984, and a brief in support of his appeal on October 31, 1984. Despite the requirements of Bankruptcy Rule 8009(a)(2), the appellee, trustee of the estate, has declined to file a brief.

Having reviewed the appellant's brief and the record on appeal, the Court finds that the decisional process would not be significantly aided by oral argument and that oral argument is thus unnecessary. Bankruptcy Rule 8012.

## I. INTRODUCTION

Michael Sumy, debtor and appellant, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Appellant filed with his petition a schedule of property which listed, *inter alia*, a house in Silver Spring, Maryland, owned by the appellant and his wife as tenants by the entirety. The appellant's wife did not join appellant's petition in Bankruptcy. The home owned by appellant and his wife is scheduled by appellant as having a value of $72,500, and as being subject to a first deed of trust.[1] The appellant scheduled $19,570.50 in unsecured claims of which $1,474.78 represented four joint obligations of the appellant and his wife for credit card debts and dental services.

■ On May 14, 1984, appellant filed an Amended Schedule B–4 of property claimed to be exempt in which amended schedule appellant asserted that the Silver Spring residence was exempt under the common law of Maryland as property owned as tenants by the entirety. On May 24, 1984, Roger Schlossberg, the trustee and appellee, filed an objection to the appellant's

claimed exemptions. After hearing and argument, the Bankruptcy Judge issued a Memorandum of Decision and entered an Order sustaining the trustee's objection to the exemption of property held by the appellant and his spouse as tenants by the entirety.[2] It is that decision which is currently before the Court.

In sustaining the appellee's objections, the Bankruptcy Judge relied upon the decision in *In Re Seidel*, 38 B.R. 264 (Bankr. Md.1984) (Schneider, J.) which held that an individual debtor's interest in property owned by the debtor and his spouse as tenants by the entirety was not exempt pursuant to 11 U.S.C. § 522(b)(2)(B), at least where the debtor has scheduled joint claims against the debtor and his wife.

## II. DISCUSSION

Section 541(a) of the Bankruptcy Code provides that commencement of a bankruptcy case creates an estate that includes, with limited exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Section 522 of the Code provides that a debtor may exempt certain property otherwise includible in the estate, including

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b)(2)(B). In light of this statutory scheme, it is necessary, in order to decide what property is available to claimants in bankruptcy, to determine, first, whether the property in question is includible as estate property under Section 541; and, second, whether otherwise in-

---

1. The Memorandum Decision of the Court below and Schedule A–2 to appellant's petition indicate that the balance owing on the mortgage at the time of the filing of the bankruptcy petition was $51,666.45. Schedule B–2 and Amended Schedule B–4 to appellant's petition state the amount owing at time of filing as $53,059.18. The difference has no relevance to the decision herein.

2. Appellant asserts on appeal that all unsecured joint debts of appellant and his wife were satisfied prior to the hearing on appellee's objections, and that evidence of the satisfaction of these claims was proffered to the Bankruptcy Judge prior to his decision. Because these facts appear nowhere in the record on appeal designated by the appellant, they will not be considered by this Court.

cludible property may be exempted by the debtor under Section 522.

In *In re Ford*, 3 B.R. 559 (Bankr.Md. 1980) (*en banc*), *aff'd sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981) (*per curiam*), the husband-debtor filed a voluntary Chapter 7 petition which was not joined by his wife. The debtor filed schedules which included personal property and a residence owned by the debtor and his wife as tenants by the entirety. The trustee asserted that all property listed was part of the estate while the debtor contended that the tenancy by the entirety was not within the estate in bankruptcy created by Section 541 and that it was, in any event, exempt under the provisions of Section 522.

In a thoughtful and scholarly *en banc* opinion, the Bankruptcy Court addressed first the issue of whether a debtor holding property under Maryland law as a tenant by the entirety has an interest that becomes property of the estate under Section 541(a) when the debtor's spouse does not join in the bankruptcy petition. The Court examined the nature of the tenancy by the entirety under Maryland law and distinguished the property held in such a tenancy from the interests of the respective tenants in the tenancy. *Id.* at 564–6, 575.

■ Because the husband-debtor cannot dispose of the subject property, or in any way prejudice the entire estate without the assent of the wife, the tenancy by the entirety property itself does not become part of the estate in bankruptcy where only the husband files a petition in bankruptcy. *Id.* But the Court also concluded that the individual debtor does possess *in esse* legal and equitable interests in the tenancy which include a present right to use and possess the property and to enjoy the income from it. *Id.* at 566. This undivided interest of the individual debtor in the tenancy, held immediately before the commencement of the bankruptcy case, does become property of the estate in bankruptcy under § 541(a)(1) and is administered by the trustee unless the debtor successfully asserts a statutory exemption which would

have the effect of removing the interest from the estate. *Id.* at 571.

Having decided that the individual debtor's undivided interest in the tenancy, but not the entireties property itself, is part of the estate in bankruptcy under Section 541(a), the *Ford* Court then addressed the issue of whether the debtor's interest may be exempted from the estate under Section 522(b)(2)(B) of the Code. As noted above, Section 522 gives a debtor the opportunity to exempt his interest as a tenant by the entirety "to the extent that such interest is exempt from process under applicable non-bankruptcy law." 11 U.S.C. § 522(b)(2)(B). The task for the Court, then, was to determine "the extent to which the debtor's interest is exempt/immune from process under Maryland common law." *Id.* at 575.

In addressing this question, the *Ford* Court again distinguished between the property held by the entirety and the individual debtor's interest in the property. As discussed above, only the latter may be included in the estate in bankruptcy pursuant to Section 541(a) where only one spouse has filed a petition in bankruptcy.

■ Under the law of Maryland, the entireties property itself is not subject to the claims of individual creditors of either spouse, *id.* at 575 and cases cited therein, but it is subject to the claims of joint creditors. *Id.* at 576. A joint creditor may, prior to discharge of the bankrupt from such creditor and upon the lifting of the stay, proceed to obtain judgment and execute or foreclose upon property owned by both the bankrupt and the non-bankrupt spouse as tenants by the entirety. *Id.* at 576; *Phillips v. Krakower*, 46 F.2d 764, 765–6 (4th Cir.1931); *Chippenham Hosp. Inc. v. Bondurant*, 716 F.2d 1057, 1058–9 (4th Cir.1983) (reaffirming *Krakower* and citing *In re Ford* with approval); *see also Ragsdale v. Genesco, Inc.*, 674 F.2d 277, 279 (4th Cir.1982). The exemption provision of section 522(b)(2)(B) is no bar to the efforts of joint creditors to proceed against the entireties property in state court. *Chippenham, supra,* at 1058–9.

The *Ford* Court contrasted with these rights of joint creditors against the property held by the entirety the inability of those same creditors under Maryland law to reach the individual undivided interests in the property of either the bankrupt or non-bankrupt spouse. *In re Ford, supra,* 3 B.R. at 575–6.

> [The debtor's] individual undivided interest as a tenant by the entirety ... alone is not subject to the claim of either individual creditors of [the debtor] or joint creditors of both [the debtor] and his wife. With regard to [the debtor's] individual creditors, they could neither have levied upon nor sold his individual undivided interest in the entirety property (which is the asset of the estate) or the property itself to satisfy obligations due solely from [the debtor]. With regard to joint creditors of both [the debtor] and his wife, they could have levied upon and sold only the entireties property ... as a unity ... but could not have levied upon or sold either [the debtor's] spouse's individual undivided interest or the debtor's individual undivided interest. As a result, the debtor's interest in entireties property, standing alone, is unavailable to the joint creditor.

*Id.*

Because the debtor's interest could not be reached by either joint or individual creditors, the Court held that the interest of the individual debtor which became an asset of the estate in bankruptcy was exempt from process under Maryland law. *Id.* at 576. And because that interest is immune from process under Maryland law, held the Court, the debtor may exempt that interest from the bankruptcy estate under Section 522(b)(2)(B). *Id.* The *Ford* Court noted that its holding in no way affects the rights of joint creditors, as discussed above, to seek a lifting of the stay and to proceed against the entireties property itself which is not part of the bankruptcy estate where only one spouse files the petition in bankruptcy. *Id.* at 576, 564–6, 575.

The trustee in *In re Ford* appealed the Bankruptcy Court's decision to the Fourth Circuit which affirmed on the "thorough and detailed opinion" of the Bankruptcy Court *Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981) *(per curiam ).* The Fourth Circuit expressly rejected the contention of the trustee that the debtor could not invoke Section 522(b)(2)(B) because the debtor's interest is not exempt from process under Maryland law. *Id.* at 15.

Despite the holding in *In re Ford,* which seems wholly dispositive of the contentions in the case at bar, the Court below rejected the exemption asserted by appellant on the basis of *In re Seidel,* 38 B.R. 264 (Bankr. Md.1984), and on the basis of a policy, expressed in *Chippenham Hospital, supra,* 716 F.2d 1057, and *Phillips v. Krakower, supra,* 46 F.2d 764, not to allow bankruptcy to be the mechanism for putting entireties property beyond the reach of joint creditors to the satisfaction of whose claims the property is otherwise applicable under state law.

In *In re Seidel, supra,* the husband-debtor filed an individual petition in bankruptcy and sought, under Section 522(b)(2)(B), to exempt from the bankruptcy estate his interest in property owned with his wife as tenants by the entirety. *Id.* at 264. The trustee objected to the exemption on the ground that the debtor's interest was not immune under Maryland law to process by the joint creditors scheduled in the bankruptcy petition.

The Bankruptcy Court in *Seidel,* while acknowledging that under *Ford* the debtor's individual interest in the entireties property is immune from process by both individual and joint creditors under Maryland law,[3] held, nevertheless, that the "debtor's interest in his entireties property is not exempt from process by joint creditors under Maryland law." *Id.* at 265 (em-

---

**3.** The opinion in *Seidel* stated that *Ford* held that the individual interest in the entireties property "is *technically* exempt or immune." *Seidel,* 38 B.R. at 265 (emphasis supplied). This Court knows of no distinction in this context, made in the *Ford* case or elsewhere, between "technical" immunities and any other type.

phasis supplied). The Court's holding was based on the fact that the entireties property itself can be reached by joint creditors in Maryland and on the policy of not allowing jointly owned property to be shielded from both the estate and joint creditors. *Id.*

■ While there is authority elsewhere for the view taken in *Seidel*,[4] its holding clearly contradicts the decision in *Ford.* As discussed above, the decision in *Ford* is predicated on the distinction between the entireties property itself and an individual debtor's interest in the property. Where an individual petition for bankruptcy is filed, only the debtor's interest in the property, not the property itself, becomes part of the estate in bankruptcy under Section 541(a). The debtor may elect to exempt his interest from the estate under Section 522(b)(2)(B) because the individual interest, though not the property itself, is immune under Maryland law from process by any creditor. The property itself, which never becomes part of the estate in bankruptcy where only one spouse files the petition, may be reached by joint creditors *via* state process if relief from the automatic stay is granted.

■ This Court is aware of no authority suggesting that *Ford*, as affirmed *sub nom. Greenblatt*, is not the law in this Circuit. *Ford* was cited in *Ragsdale v. Genesco, Inc.*, 674 F.2d 277 (4th Cir.1982) (*per curiam*), where both husband and wife had filed a joint petition in bankruptcy and sought to exempt from the estate in bankruptcy the property held as tenants by the entirety. A joint creditor who had earlier obtained a joint judgment against both debtors objected, and the Fourth Circuit affirmed the decision of the Bankruptcy Court denying the debtors' claimed exemption. *Id.* Because the case involved a joint

petition in bankruptcy filed by both spouses, the decision in *Ragsdale* is both distinguishable from the result and consistent with the reasoning in *Ford.* Where husband and wife holding property as tenants by the entirety file a joint petition in bankruptcy, the entireties property itself becomes part of the estate and cannot be exempted to the extent that it could be reached to satisfy a joint judgment against both debtors.

The *Ford* opinion was also cited with apparent approval in *Chippenham Hosp., supra,* 716 F.2d 1057 (4th Cir.1983). In *Chippenham*, the Court reaffirmed the vitality of *Krakower, supra,* 46 F.2d 764, and held that where only one spouse has filed a petition in bankruptcy, a joint creditor of the debtor and his spouse may obtain relief from the automatic stay to seek a joint state-court judgment and enforce it against the entireties property.

The decision in *Chippenham* thus reaffirms the practice, expressly approved by the Court in *Ford, supra,* 3 B.R. at 576, for the protection of joint creditors where only one spouse files a petition in bankruptcy and chooses to exempt his or her individual interest in a tenancy by the entirety. The availability of this practice also precludes the suggestion by the Bankruptcy Court in *Seidel, supra,* 38 B.R. at 265, that exempting an individual debtor's interest in a tenancy by the entirety would shield the entireties property from joint debts to which it was applicable.

■ The Court concludes that *In re Ford* is still the law in this Circuit regarding the extent to which an individual debtor's interest in a Maryland tenancy by the entirety may be exempted from the estate in bankruptcy.[5] Because *In re Seidel* is inconsistent with that law, it will not be

---

**4.** *See Napotnik v. Equibank & Parkvale Sav. Assn.,* 679 F.2d 316, 320–1 (3rd Cir.1982) (applying Pennsylvania law) which held that an individual debtor's interest in a tenancy by the entireties was not immune from process under state law, and thus not exempt under § 522(b)(2)(B), to the extent it was subject to a judgment which had been obtained by a joint creditor against both the debtor and his wife. The Court ac-

knowledged that the Fourth Circuit view applying Maryland law was different. *Id.* at 320.

**5.** *Accord, Matter of Woolard,* 13 B.R. 105, 107 (Bankr.E.D.N.C.1981) (applying analogous North Carolina law); *In re Phillos,* 14 B.R. 781, 783 (Bankr.W.D.Va.1981) (applying analogous Virginia law).

followed by this Court. The decision of the Court below in reliance on *Seidel* must likewise fall.

The Bankruptcy Court's Order of August 20, 1984, is reversed and the matter is remanded for further proceedings consistent with this Opinion.