**In re Arthur S. LAZEROW, Debtor-in-Possession.**

**FREDERICK COUNTY NATIONAL BANK, Movant,**

v.

**Arthur S. LAZEROW, Respondent.**

**Bankruptcy No. 88-4-0834-PM. Motion No. 90M-1269-PM.**

United States Bankruptcy Court, D. Maryland, at Rockville.

Aug. 28, 1990.

Lawrence R. Freedman, Bethesda, Md., for debtor.

## DECISION RE FREDERICK COUNTY NATIONAL BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Frederick County National Bank (the "Bank"), a joint creditor of the debtor and his wife, has filed a motion for relief from the automatic stay to permit it to pursue non-estate assets: tenancy by the entireties property exempted by the debtor and property owned by the debtor's wife. The motion will be denied except that the Bank may pursue collection against the debtor's wife.

### FACTS

On March 25, 1988, Arthur S. Lazerow filed a Chapter 11 case in this Court. The Bank is an unsecured creditor of the debtor. Final, non-appealable judgments have been entered in the Circuit Court of Frederick County, Maryland in favor of the Bank against the debtor and his wife, Tina S. Lazerow. One judgment was entered against the debtor for amounts aggregating $230,876.34 plus interest from July 20, 1987. A separate judgment in identical amounts was entered against his wife and no one has disputed that the judgments represent joint obligations. The wife's liability arises from her having guaranteed the debtor's debt to the Bank; pursuant to the terms of her guarantee certain of her pre-marital assets were excluded from the reach of the Bank.

The debtor and his wife own a home in Montgomery County, Maryland as tenants by the entireties. The Bank has not recorded its judgment in Montgomery County. There is no equity in the house which is subject to liens of five other joint creditors totalling $9,400,000. The debtor valued the house on his schedules as worth $325,000 and now values it as worth $500,000.

Aside from the debtor's house, the debtor has scheduled tenants by the entireties property with a scheduled value of $7,470.00. All of such tenants by the entireties property has been claimed as exempt.

The debtor has filed a plan and disclosure statement. The debtor and his wife's joint secured creditors are treated under the plan. The disclosure statement is in the process of being approved by the Bankruptcy Court and the debtor has reached agreements with certain key creditors concerning the terms of the plan.

### LAW

Decision of this matter turns on *Sumy v. Schlossberg,* 777 F.2d 921, 931 (4th Cir.1985), and *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (4th Cir. 1983). *Sumy* upheld a Chapter 7 trustee's objection to a debtor's claimed exemption of entireties property in Maryland on the basis that such property may not be exempted by an individual debtor to the extent he has debts owed jointly with his or her spouse. Consequently, the trustee was allowed to administer the property for the benefit of joint creditors in the bankruptcy proceedings. Under the Bankruptcy Act of 1898 if only one spouse filed a bankruptcy case "the entireties property was treated as exempt and thus never became part of the individual bankrupt's estate" but § 541 of the Bankruptcy Code overruled this result and "now includes the debtor's interest in entireties property as part of the estate." *Id.* at 925 (citations omitted). *Phillips v. Krakower,* 46 F.2d 764 (4th Cir. 1931), held that under the Bankruptcy Act the granting of a discharge would work a "legal fraud" by depriving a joint creditor of the remedy of reaching entireties property and accordingly approved delaying en-

try of a discharge to allow pursuit of the property in state court. In light of § 541 of the Bankruptcy Code, *Sumy* observed:

> One might have questioned whether the *Phillips* remedy of lifting the stay in bankruptcy for joint creditors to pursue their remedies in state court survived the Code's elimination of the necessity for that remedy, but we have explicitly held the option is still available. *Chippenham Hospital, Inc. v. Bondurant*, 716 F.2d 1057 (4th Cir.1983).

*Id.* at 925–26 (footnote omitted). The remedy, however, requires a showing of "legal fraud." *Phillips*, 46 F.2d at 765–66; *Bondurant*, 716 F.2d at 1058. The movant has not on these facts shown that a "legal fraud" exists.

First, as to the debtor's home the amount of existing liens on that home far exceeds the value of the home. Existing lien creditors' rights against the house are unaffected by the exemption. 11 U.S.C. § 522(c)(2)(A). There is no reason not to permit the house to be administered in the Chapter 11 plan confirmation process for the benefit of those joint lien creditors whose liens already vastly exceed the value of the house. Had the house not been exempted, and the Bank obtained a lien on it, that lien would be worthless and give the Bank no rights in this case. 11 U.S.C. § 506(a). No "legal fraud" will be created by denying the Bank's request to obtain a lien on the property.

Second, as to the remaining entireties property valued at $7,470 which the debtor has exempted as entireties property, the exemption was plainly in error under *Sumy*. In the unlikely event that the time for objections to exemptions is still open under Rule 4003(b)[1] the Bank may object to the exemption and protect itself and other joint creditors in that fashion. Although the only other joint creditors have liens against the house, they are undersecured and hence an objection to the exemption of the $7,470 in additional entireties property would protect them as well as the Bank. Protecting all joint creditors is a preferable mechanism to granting relief from the stay on a piece-meal basis. *Sumy*, 777 F.2d at 932.

Even if the time to object to the exemptions has expired, and that is likely the case given the age of this case, the Court is not persuaded that the Bank is entitled to relief from the automatic stay. Upon the granting of a discharge through confirmation of a plan it is doubtful that there would have been a "legal fraud" instead of only the failure of the Bank to avail itself of its remedy to protect itself against the property becoming exempt. Under 11 U.S.C. § 522(*l*) in the absence of a timely objection property claimed as exempt is exempt. *In re Dembs*, 757 F.2d 777, 780 (6th Cir. 1985) ("where … the special character of the creditor … prevents the exemption, the creditor cannot rest on his rights in the face of Rule 4003(b)"). *Bondurant* did not discuss the effect of § 522(*l*): the creditor was allowed to demonstrate that the property was in fact not the type that could be claimed as exempt property based on the existence of the creditor as a joint creditor. The Court of Appeals viewed the right to question the claim of exemption as an open matter. *Bondurant* thus only holds that if the creditor wants to pursue the joint property outside bankruptcy and can show the property is not exempt, then it may pursue its *Phillips* remedy. What *Bondurant* did not address is whether the *Phillips* remedy may be pursued when the property is exempt under § 522(*l*) by reason of a failure timely to object.[2] Once the property is

---

1. The Court had no evidence as to when the meeting under 11 U.S.C. § 341 concluded or whether the Bank has an enlargement of time to object.

2. *Sumy*, 777 F.2d at 932, favorably cited *In re Grosslight*, 757 F.2d 773, 777 (6th Cir.1985), for the proposition that although relief from the automatic stay remains a possible remedy for a joint creditor, it is generally preferable to limit the creditor to administration of the property in the bankruptcy estate by successfully objecting to the exemption. In *Grosslight*, however, the creditor was treated as having timely filed an objection to the debtor's exemption such that 11 U.S.C. § 522(*l*) never came into play in the observation that relief from the automatic stay remained a possible remedy. That observation in *Grosslight* must be contrasted with the result in the case decided by the same panel the same day, *In re Dembs*, 757 F.2d at 780, holding that

thus exempt—despite the prior invalidity of the claim of the exemption—another provision, 11 U.S.C. § 522(c), prevents general unsecured creditors from reaching the property. This follows from the acknowledgment in *Sumy* that once entireties property is held exempt 11 U.S.C. § 522(c) would prevent joint creditors from reaching the property. *Sumy*, 777 F.2d at 930–31. As *Sumy* held, the entireties property is not exemptible as to joint creditors and that is the basis upon which joint creditors may protect themselves. *Sumy*, 777 F.2d at 931 n. 23, last sentence. It follows that if entireties property is claimed as exempt and no creditor timely objects then the property is exempt under § 522(*l*) and cannot be reached, by virtue of 11 U.S.C. § 522(c), by even those general unsecured creditors who hold a joint claim against both spouses. Arguably no "legal fraud" exists in those circumstances but only the failure of the Bank to avail itself of its remedy against the improper claim of exemption. *Bondurant* does not preclude this analysis for it assumed the exemptability of the property could still be examined and on the stated facts in *Bondurant* there is no evidence that the time for objections to exemptions had expired.

■ The Court, however, need not rest its decision on this § 522(*l*) issue. The mischief that the *Phillips* remedy seeks to avoid can only result when there has been a discharge. In a Chapter 11 case a discharge can only result when there is a confirmed plan. If the debtor's conduct would give rise to a "legal fraud" the creditor can raise that with respect to the good faith requirement for granting of confirmation. See 11 U.S.C. § 1129(a)(3). The good faith requirement for confirmation is an equally if not more appropriate vehicle for examining the issue of "legal fraud." [3] At the confirmation hearing the issue could then be examined in the light of the rights

of *all* joint unsecured creditors as mandated by *Sumy*, 777 F.2d at 932. Because no "legal fraud" could exist unless a plan is confirmed and a plan would not be confirmed if it would create a "legal fraud," there is no cause at this time to grant relief from the automatic stay. The Bank, however, is not precluded by the automatic stay from pursuing collection from the debtor's wife and the Court's order will so reflect.

no relief could be granted a joint creditor once the property became exempt under § 522(*l*).

**3.** At the confirmation hearing the Court can take into account that no trustee has ever been appointed in this case who could have protected joint creditors by timely objecting to a clearly improper claim of exemption. The debtor's

counsel stated at the argument of this motion that the debtor would be willing to amend his exemptions to make the property non-exempt and to subject the property to the tests of plan confirmation, including the "best interest" test of 11 U.S.C. § 1129(a)(7).